PER CURIAM.
We have before us the motion of The Florida Bar asking that we hold Rita G. Hawkins in contempt for violating the terms of her disciplinary resignation. We have jurisdiction pursuant to article V, section 15, of the Florida Constitution.
On September 23, 1993, this Court approved a referee’s report recommending that Hawkins be found guilty of professional misconduct and be allowed to resign from The Florida Bar. She was ordered to comply with all the terms and conditions of the consent judgment that was adopted by the referee. On February 14, 1994, the Bar filed a petition for an order to show cause why Hawkins should not be held in contempt for failing to comply with several of the terms of her disciplinary resignation and for failing to pay costs that had been assessed against her. Specifically, the Bar alleges that Hawkins failed to 1) submit an affidavit swearing that she has provided each of her clients with a copy of the order of her resignation, as required by Rule Regulating The Florida Bar 3 — 5.1(g); 2) notify her clients where to pick up their files; 3) determine which clients were owed trust monies being held in her trust account that she shared with her former partner and to submit an affidavit stating that she had directed her former partner to distribute the monies; and 4) pay costs in the amount of $2,325.20.
An order to show cause was entered on February 15, 1994. Hawkins has not responded to the order which was sent to her record Bar address and to her last known address. The Bar has unsuccessfully attempted to locate and serve Hawkins with the order to show cause. The Bar now asks that we hold Hawkins in contempt and disbar her for failing to comply with this Court’s disciplinary order and for avoiding service of the order to show cause and the Bar’s petition.
Because Hawkins has refused to accept service in this action and has not responded to the order to show cause, we accept the Bar’s allegation as true. The Florida Bar v. Brown, 635 So.2d 13 (Fla.1994). In light of Hawkins’ clear violation of our order allowing her to resign from the Bar and her apparent attempt to avoid service in this matter, we agree that disbarment is warranted. See Brown; Florida Standards for Imposing Lawyer Sanctions 8.1(a).
Accordingly, we hold Rita G. Hawkins in contempt of this Court and disbar her for a period of five years, nunc pro tune to September 23, 1993. Hawkins is again ordered to comply with all the terms and conditions set forth in the referee’s report, upon penalty of fine, imprisonment, or both. Specifically, she shall see to it that client files and all monies held in trust on behalf of any client are turned over to the respective client in the manner provided in the referee’s report. She also is ordered to comply with the procedure for notifying clients set forth in Rule 3-5.1(g) and to file affidavits as provided in the referee’s report. Finally, Hawkins is ordered to pay the Bar costs in the amount of $2,325.20 for which judgment was entered in the prior proceeding.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.